IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TATONIA BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 22-0149-KD-MU |
| | ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On April 8, 2022, Plaintiff filed her complaint (Doc. 1) and a Motion to Proceed Without Prepayment of Fees. (Doc. 2). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1). Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The

opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d

at 1307 (citation omitted); see also id. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

As to the first prong, the Court cannot determine whether Plaintiff is unable to pay the costs of commencing this action because Plaintiff did not provide the necessary information requested in this Court's form motion. Plaintiff stated that she is a single mother of two dependents and has no employment now nor has ever had employment. (Doc. 2 at pp. 1-2). She did not provide the requested information concerning her dependents. Plaintiff did not provide complete information about her assets or any rental or other financial debts or obligations. (Id. at p. 3). Although requested to do so, Plaintiff did not specifically explain how she provides for her basic living needs, such as housing, utilities, food, and clothing. (Id.). She only stated that she receives "Social Security and S.S.I." (Id.). She did not provide any monetary figures.

For the Court to make the determination of whether Plaintiff's financial status entitles her to proceed in this action without prepayment of the filing fee, Plaintiff must provide the specific information requested on the form. Accordingly, Plaintiff is **ORDERED** to refile the Motion to Proceed Without Prepayment of Fees on or before **May 12, 2022.** The Clerk of Court is **DIRECTED** to mail Plaintiff the form for the Motion to Proceed Without Prepayment of Fees, along with a copy of this Order.

**DONE** and **ORDERED** this the **13th** day of **April, 2022**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**

4