IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TATONIA BARNES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 22-0149-KD-MU |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On April 8, 2022, Plaintiff Tatonia Barnes filed a *pro se* Complaint against several defendants asserting claims arising from events surrounding the death of her son in April of 2020 at USA Medical Center, which was allegedly the result of injuries he suffered while incarcerated at Fountain Correctional Facility. (Doc. 1). Barnes paid the filing fee on May 10, 2022, and on May 18, 2022, the Court denied her motion for appointment of counsel and the Clerk of Court's office mailed Barnes a copy of the Pro Se Litigant Handbook. (Doc. 7). In the May 18 Order, the Court encouraged Plaintiff to read the Handbook and specifically referred her to pages 22-24 of the Handbook which set forth the procedure for service of the complaint on the defendants. (Doc. 7 at p. 2). The Court further advised Barnes that she had ninety (90) days from the date of the filing of the complaint to serve the defendants. (*Id.*). The Court also cautioned Barnes that failure to make proper service on each defendant could result in dismissal of the complaint. (*Id.* at p. 3).

On July 22, 2022, Barnes filed a motion for an extension of time to make service on the defendants and renewed her request for appointed counsel. (Doc. 8). The Court

explained that it was not authorized to appoint counsel because she paid her filing fee, but the Court granted her motion for an additional 90-days extension of time to serve the defendants. (Doc. 9). The Court explained the method for making service and instructed the Clerk of Court to mail Plaintiff a copy of a Notice of Lawsuit and Request to Waive Service of Summons form and a copy of the Waiver of Service of Summons form. (*Id.* at pp. 2-3). Again, Barnes was cautioned that the failure to make proper service on each defendant within the 90-day period could result in dismissal of her complaint as to any unserved defendant. (*Id.* at p. 3).

On November 16, 2022, Barnes filed a motion to amend the complaint and a motion for extension of time to serve the defendants. (Docs. 10, 11). The Court granted the motion for an extension of time to serve the defendants and ordered Barnes to file proof of service on or before January 31, 2023. (Doc. 12). Plaintiff has not complied with this Order and has filed no proof that any defendant has been served, nor any other filing since November 16, 2022. (*See* Docket Sheet). Because of Plaintiff's continued failure to serve the defendants with her complaint after repeated extensions of time, her failure to comply with the Court's orders, and her failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED, without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *accord World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir.

1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **February, 2023**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**